**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 09-CV-10463

FOUR HUNDRED SEVENTY SEVEN (477)
FIREARMS,

    Defendants.
                                                 /

**OPINION AND ORDER GRANTING THE GOVERNMENT'S "MOTION FOR ORDER ESTABLISHING PLAINTIFF'S BURDEN OF PROOF AT TRIAL"**

Pending before the court is a "Motion for Order Establishing Plaintiff's Burden of Proof at Trial," filed by the Government on January 15, 2010. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the Government's motion.

**I. BACKGROUND**

This case is an *in rem* civil forfeiture action in which the Government requests the forfeiture of 477 firearms. The firearms were seized after the execution of a federal search warrant at the Highland Gun Barn, a gun store in Highland, Michigan, in which Claimants Gabriel Kish III and Deborah Summers were proprietors. (Am. Compl. ¶ 7(a).) Firearms were retrieved from the main store area, the attic, a gun smithing area, and a vault in the basement. (*Id.* ¶ 7(ss).)

The search warrant was issued following an undercover operation by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). From August 2007 to July 2008, undercover ATF agents purchased firearms from Deborah Summers and Gabriel Kish

III and exchanged purported stolen merchandise for firearms. (*Id.* ¶ 7(j)-(oo).) Deborah Summers has never held a federal firearms license, and Gabriel Kish III's federal firearms license was revoked in February 2005. (*Id.* ¶ 7(g)-(h).)

On September 17, 2008, Gabriel Kish III and Deborah Summers were indicted for willfully engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1). They were both convicted on April 17, 2009. Deborah Summers was sentenced to a term of imprisonment of 57 months; Gabriel Kish III was sentenced to a term of imprisonment of 48 months. At the sentencing hearing, the court found:

> no reason to exclude the firearms that were found in the basement and in the attic, however. And the preponderance of the evidence convinces me that those firearms were indeed available for sale. They were not a collector's item grouping of firearms. They were, in large measure, common firearms that were "collected" if at all for the purpose of acquiring a stock in trade in order to sell, should a willing purchaser present himself and wish to buy such an item.
>
> So I am satisfied by the appropriate standard, that is a preponderance of the evidence, that more than 200 firearms were involved in the offense of dealing in firearms without a license. And I accept the probation officer's, and accordingly, the Government's argument in that regard.

(9/1/09 Tr. at 39.)

In this case, the Government alleges that the firearms seized from the Highland Gun Barn, including the guns in the basement vault, are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), which provides, in pertinent part, for the forfeiture of firearms "involved in or used in" any willful violation of 18 U.S.C. § 922(a)(1). (Am. Compl. ¶ 6.) A status conference was held on December 22, 2009, during which the parties noted a

difference of opinion with respect to the burden of proof at trial. The court set a briefing schedule, and the Government filed the present motion on January 15, 2010.

## II. DISCUSSION

In its motion, the Government argues that, at trial, it "bears the burden of demonstrating by a standard of preponderance of the evidence that the defendant property is subject to forfeiture." (Gov't's Mot. at 1.) The Claimants argue that, at trial, "the Government must prove by clear and convincing evidence that the guns in the basement vault were intended to be used in violation of the Gun Control Act." (Resp. at 2.)

"In 2001, Congress enacted the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, which, among other reforms, placed on the Government the burden of proving by a preponderance of the evidence that the property is subject to forfeiture in most civil forfeiture proceedings." *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416, 418 (6th Cir. 2006). CAFRA provides that "[i]n a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property[,] the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). "Civil forfeiture statute" is defined as "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." *Id.* § 983(i)(1). Certain provisions of federal law not applicable to this case, however, are expressly excluded from CAFRA. *Id.* § 983(i)(2) (excluding, among others, the Tariff Act of 1930 and the Internal Revenue Code of 1986).

In 1986, Congress passed the Firearms Owners' Protection Act ("FOPA"), which created 18 U.S.C. § 924(d)(1). *See United States v. Ninety Three Firearms*, 330 F.3d 414, 423 (6th Cir. 2003). This provision states that:

> Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . . .

18 U.S.C. § 924(d)(1). *See generally United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363-64 (1984) (noting that "§ 924(d) is somewhat broader in scope than the criminal provisions of 18 U.S.C. § 922 . . . [because] section 922(a)(1), the substantive criminal provision under which [defendant] was prosecuted, does not render unlawful an intention to engage in the business of dealing in firearms without a license; only the completed act of engaging in the prohibited business is made a crime"). One of the offenses "referred to in paragraph (3)" of the statute is "any offense described in section 922(a)(1), 922(a)(3), 922(a)(5), or 922(b)(3) of this title, where the firearm or ammunition intended to be used in any such offense is involved in a pattern of activities which includes a violation of any offense described in section 922(a)(1), 922(a)(3), 922(a)(5), or 922(b)(3) of this title." 18 U.S.C. § 924(d)(3)(C).

The plain language of § 924(d)(1) demonstrates that the clear and convincing evidence standard applies only when the basis of forfeiture is that the firearm was *intended* to be used in one of the offenses enumerated in 18 U.S.C. § 924(d)(3). In 18 U.S.C. § 924(d)(1), following the language "[a]ny firearm or ammunition involved in or

4

used in any" at the beginning of the statute, there are four subparagraphs stating a mens rea and actus reus (knowing violation of various provisions of § 922; knowing importation or possession in violation of § 922(l); knowing violation of § 924; and willful violation of any other provision of the chapter, any rule or regulation promulgated under it, or any other federal criminal law).  Then, the "any firearm or ammunition" language is repeated, followed by a mens rea and actus reus statement (intended to be used in any offense referred to in paragraph (3) of this subsection).  By repeating the subject of the clauses, the statute indicates that the subparagraphs to follow modify only up to this point in the statute and do not modify the previous subparagraphs.  Thus, the clause stating that the intent must be demonstrated by clear and convincing evidence applies to the preceding language in the statute only until the second "any firearm or ammunition;"  that is, it modifies only the "intended to be used" subparagraph and does not modify the earlier subparagraphs.  This interpretation is supported by the "rule of the last antecedent," which dictates that a limiting phrase or clause "should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *United States v. Martin*, 438 F.3d 621, 631 (6th Cir. 2006).  Moreover, the use of the phrase "such intent" supports this interpretation because "such intent" most clearly and understandably refers to the phrase "intended to be used" in the immediately preceding clause, as opposed to the "knowing" or "willfully" found in earlier subparagraphs.

Accordingly, the statute's requirement of a heightened burden of clear and convincing evidence to prove intent does not apply to a forfeiture action premised on a firearm being actually *involved in or used in* a willful violation of 922(a)(1)(A).  Instead, it

5

applies only to a forfeiture action based on a firearm only *intended to be used* in one of the offenses listed in 18 U.S.C. § 924(d)(3).

Contrary to the Claimant's assertions, the Government is requesting forfeiture on the basis that the firearms were involved in or used in a willful violation of 922(a)(1)(A), not that they were intended to be used in such a violation.  In its complaint, after listing the 477 firearms, the Government alleges, "The defendants *in rem* are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) as firearms or ammunition involved in or used in any knowing violation of subsection (a)(1)(A) of section 922 (unlawfully dealing firearms without a license)."  (Am. Compl. ¶ 6.)  In the "Claim" section of the complaint, the Government states, "The defendant firearms are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), which authorizes the forfeiture of the following: 'Any firearms or ammunition involved in or used in any . . . willful violation of knowing violation [sic] of 18 U.S.C. § 922(a)(1)(A).'" (*Id.* ¶ 9 (first alteration in original).)  Similarly, in the "Jurisdiction and Venue" section of the complaint, the Government states, "This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 924(d)(1), which authorizes the forfeiture of the following: 'Any firearms or ammunition involved in or used in any . . . willful violation of knowing violation [sic] of 18 U.S.C. § 922(a)(1)(A).'" (*Id.* ¶ 4 (first alteration in original).)  A substantial portion of its briefs on the burden of proof sets out its theory in this regard.  (*See* Gov't's Mot. Br. at 1-8; Gov't's Reply at 1-3).

It is not for a court to determine under what theory the Government must proceed (nor, similarly, to determine what criminal charges the Government must bring in a criminal case or what causes of action a private civil plaintiff must assert).  Because the

Government's claim here does not implicate the higher burden of proof required when attempting to prove that firearms were *intended* to be used in a § 922(a)(1) violation, the preponderance of the evidence standard applicable to all civil forfeiture actions under CAFRA shall apply.

The Claimants attempt to recast the Government's theory as bringing this action for forfeiture on the basis that the firearms were intended to be used in a § 922(a)(1) violation. (Resp. Br. at 1-4.) Thus, the Claimants argue that the Government must prove this intent by clear and convincing evidence. (*Id.* at 2.) Both the Claimants and the Government present arguments on whether CAFRA's preponderance of the evidence standard for all civil forfeiture actions superseded the clear and convincing evidence standard to prove intent under FOPA. (Gov't's Mot. Br. at 9-13 (arguing it did because CAFRA prescribed the burden of proof in all civil forfeiture actions; the later-enacted CAFRA repealed the heightened burden of proof in FOPA by implication; and Congress excluded certain federal laws from CAFRA, but did not exclude FOPA); Resp. Br. at 4-9 (arguing it did not because CAFRA was meant to set a floor, not a ceiling, on the burden of proof in civil forfeiture actions; repeals by implication are disfavored and there is no "manifest and total repugnancy" between CAFRA and FOPA; and the specific statute (FOPA) should control over the general statute (CAFRA)).) The court, however, need not address these arguments. Despite Plaintiff's attempts to recast the Government's theory, the amended complaint for forfeiture makes it clear that the Government seeks forfeiture of the firearms because they were involved in or used in a 922(a)(1) violation, not because they were intended to be used in such a violation. FOPA's heightened burden is not implicated, and the court is not required to address or

resolve whatever conflict in the burden of proof there may exist between CAFRA and FOPA. In this case, based on the Government's clearly stated basis for bringing this action, it bears the burden of proving that the property is subject to forfeiture by a preponderance of the evidence.

### III. CONCLUSION

IT IS ORDERED that the Government's "Motion for Order Establishing Plaintiff's Burden of Proof at Trial" [Dkt. #56] is GRANTED. The Government must establish, by a preponderance of the evidence, that the firearms are subject to forfeiture.
.

                                       S/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: March 10, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2010, by electronic and/or ordinary mail.

                                       S/Deborah J. Goltz
                                       Case Manager