**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 09-CV-10463

FOUR HUNDRED SEVENTY SEVEN (477)
FIREARMS,

    Defendants.
                                                     /

**OPINION AND ORDER DENYING CLAIMANTS' "MOTION FOR CONTINUANCE"**

Pending before the court is Claimants' "Motion for Continuance," filed on June 30, 2010. The court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Claimants' motion.

The Government initiated this *in rem* civil forfeiture action on February 6, 2009, seeking the forfeiture of 477 firearms seized from the Highland Gun Barn, a gun store operated by Claimants Gabriel Kish III and Deborah Summers. The case was stayed on March 31, 2009, pending resolution of the related criminal case. On April 17, 2009, Claimants were convicted of willfully engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1). The Government subsequently filed a motion to lift the stay, which the court granted on June 25, 2009. The case proceeded through discovery and, after discovery ended on December 30, 2009,[1] the court resolved a number of motions over the next five months. After all of this,

---

[1] The original discovery deadline was September 30, 2009. Upon the request of Claimants, the court extended the deadline until November 30, 2009, and upon a second request by Claimants, the court further extended the deadline until December 30, 2009.

Claimants now request that the court continue the trial date set for September 13, 2010, until the Sixth Circuit renders a decision on the appeal of their convictions and, if they succeed on their appeal, until after the new trial.

Claimants advance four reasons in support of their request for a continuance: (1) "it will be much more difficult for the government to meet its burden in the forfeiture case" if the convictions are reversed, (2) the Government will not be prejudiced by a continuance, (3) a continuance could "avoid issues related to the prohibition of felons from possessing firearms in the event Claimants prevail in the forfeiture case," and (4) a continuance "would also avoid issues of Claimants right against self incrimination." (Claimants' Mot. ¶¶ 7-10.) The Government responds that the request is not timely, and that even if it was timely, the civil forfeiture case is not dependent on the criminal case. Also, the Government asserts that Claimants cannot invoke the Fifth Amendment because they already testified in the criminal trial.

"The matter of a continuance is within the discretion of the trial judge." *United States v. Martin*, 740 F.2d 1352, 1360 (6th Cir. 1984) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). In exercising this discretion, the court evaluates whether a party will be prejudiced without a continuance and whether the continuance will produce additional witnesses or add something to the party's case. *Id.* at 1360-61 (citations omitted).

Claimants' "eleventh hour" request is not well taken. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The case has been actively proceeding for over a year, following the lift of the stay pending outcome of the criminal trial. The time for a request of this nature was one year ago. Claimants never raised

2

this issue, but instead, through counsel, actively proceeded to litigate the case. Discovery has closed; dispositive motions have been resolved; and it is essentially the eve of trial. The court will therefore deny Claimants' motion as untimely. *See United States v. United States Currency in the Sum of One Hundred Eighty-Five Thousand Dollars*, 455 F Supp. 2d 145, 151 (E.D.N.Y. 2006) (claimant's request to stay forfeiture proceeding until the conclusion of a law enforcement investigation was untimely because "counsel neglected to raise this issue until 13 months later, following the close of discovery and after an oral argument on fully-briefed dispositive motions").

Even if the request was timely, Claimants have not demonstrated that they will be prejudiced by proceeding with the current trial schedule or that a continuance would enable them to produce additional witnesses or add something to their case. *Martin*, 740 F.2d at 1360-61. An inability to make it "more difficult" on the Government does not equate to prejudice to the Claimants. Moreover, even in a best case scenario for Claimants in which they win their appeal and are acquitted at a new trial, the firearms would still be subject to forfeiture. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984) (holding that "a gun owner's acquittal on criminal charges involving firearms does not preclude a subsequent *in rem* forfeiture proceeding against those firearms under § 924(d)").

Accordingly, IT IS ORDERED that Claimants' "Motion for Continuance" [Dkt. # 90] is DENIED.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: August 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2010, by electronic and/or ordinary mail.

                                                    s/Lisa G. Wagner
                                                    Case Manager and Deputy Clerk
                                                    (313) 234-5522